UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMEL LEE BELL,

        Plaintiff,

v.                                                     Case No. 3:22-cv-626-BJD-PDB

W. J. BENNETT, et al.,

        Defendants.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

      Plaintiff, an inmate of the Florida penal system, is proceeding pro se. Plaintiff filed a document titled "Emergency Restraining Order" (Doc. 1) dated June 2, 2022. He alleges that he received a disciplinary report (DR) worksheet stating that he received a DR for possession of a cellular device and that he refused to go to the disciplinary hearing, but he claims he never received a copy of the DR and never refused to go to a hearing. He further states that he was given a DR for refusing a verbal order, but he was never given a verbal order. He alleges Florida State Prison staff falsify documents, dispose of his grievances, keep Plaintiff on close management "to suffer from cruel and unusual punishment by being placed in inhumane living conditions," and tell

Plaintiff to kill himself. Further, he alleges that before he "allow[s] any one of them to harm [him], [he'll] kill [himself]."[1]

It appears Plaintiff seeks to challenge the conditions of his confinement, but he has not properly initiated a civil action in this Court. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Plaintiff is advised that the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. *See* Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]"). The form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Plaintiff has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form.

Plaintiff is further advised that all requests for relief, including injunctive relief, must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See, e.g.*, Fed. R. Civ. P. 65; M.D. Fla. R. 6.01, 6.02 (detailing the requirements

---

[1] In light of his assertions, the Clerk of Court sent a copy of Plaintiff's document and the Amended Standing Order (Doc. 2) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Florida State Prison.

for a motion seeking a temporary restraining order or preliminary injunction). Plaintiff has not submitted a proper motion for injunctive relief, and he otherwise fails to demonstrate such relief is warranted.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form and an application to proceed *in forma pauperis* (prisoner filings) form. If Plaintiff chooses to refile his claims, he may complete and submit the appropriate forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed application to proceed *in forma pauperis* (if he desires to proceed as a pauper) or pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of June, 2022.

_____
BRIAN J. DAVIS
United States District Judge

caw 6/8
c:
Jamel Lee Bell, #H32319